THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-27-D
No. 5:14-CV-126-D

| | | |
|---|---|---|
| WALTER LEE BOYKIN, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On March 6, 2014, Walter Lee Boykin, Jr. ("Boykin") moved to vacate, correct, or set aside

his sentence under 28 U.S.C. § 2255 [D.E. 58]. On April 29, 2014, the government moved to

dismiss Boykin's section 2255 motion [D.E. 66]. On May 12, 2014, Boykin responded in opposition

[D.E.69]. As explained below, the court grants the government's motion to dismiss and dismisses

Boykin's section 2255 motion.

On January 22, 2010, a federal grand jury in the Eastern District of North Carolina indicted

Boykin and charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§

922(g)(1) and 924 (count one) and two counts of knowingly making false and fictitious written

statements to acquire a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2) (counts two

and three). See [D.E. 1]. On May 18, 2010, Boykin pleaded guilty without a plea agreement to

counts one, two, and three of the indictment. See [D.E. 22].

On January 24, 2011, the court sentenced Boykin as an armed career criminal to 180 months'

imprisonment on count one and 120 months' imprisonment on counts two and three. See [D.E. 39];

Sentencing Tr. [D.E. 40] 11–24. Boykin appealed. In light of Shepard v. United States, 544 U.S.

13, (2005), the Fourth Circuit vacated the sentence and remanded in order for the court to assess whether Shepard-approved documents demonstrated that Boykin had the three requisite violent felonies under the ACCA. See United States v. Boykin, 669 F.3d 467, 469–72 (4th Cir. 2012).

On November 12, 2012, the court resentenced Boykin to 37 months' imprisonment on counts one, two, and three. See [D.E. 55]. Judgment was entered on November 30, 2012. See [D.E. 56]. Boykin did not appeal, and his conviction became final when his time to do so expired, no later than December 14, 2012. See Fed. R. App. P. 4(b)(1)(A)(i); Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Sanders, 247 F.3d 139, 142–43 (4th Cir. 2001).

Boykin filed this section 2255 motion on March 6, 2014, more than one year after his judgment of conviction became final. Thus, Boykin's motion is untimely under 28 U.S.C. § 2255(f)(1). See, e.g., United States v. Mathur, 685 F.3d 396, 397–98 (4th Cir. 2012). Likewise, Boykin's motion is untimely under 28 U.S.C. § 2255(f)(3). See United States v. Powell, 691 F.3d 554, 556–60 (4th Cir. 2012). Finally, Boykin's motion is untimely under 28 U.S.C. § 2255(f)(4). See United States v. Bowman, No. 13-6827, 2014 WL 1228589, at *3 (4th Cir. Mar. 26, 2014); United States v. MacDonald, 641 F.3d 596, 610 n.7 (4th Cir. 2011); Lo v. Endicott, 506 F.3d 572, 575–76 (7th Cir. 2007); E.J.R.E. v. United States, 453 F.3d 1094, 1097–98 (8th Cir. 2006); see also Walker v. Martin, 131 S. Ct. 1120, 1129 (2011); Johnson v. United States, 544 U.S. 295, 308–09 (2005); Shannon v. Newland, 410 F.3d 1083, 1087–89 (9th Cir. 2005).

Nothing in the record suggests that equitable tolling should apply. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96 (1990); Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time."

2

United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quotation omitted). Boykin has alleged no such extraordinary circumstances. Accordingly, the court dismisses Boykin's section 2255 motion as untimely.

After reviewing the claims presented in Boykin's motion, the court determines that reasonable jurists would not find the court's treatment of any of Boykin's claims debatable or wrong, and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

In sum, the court GRANTS the government's motion to dismiss [D.E. 66], DISMISSES Boykin's section 2255 motion [D.E. 58], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This **17** day of June 2014.

JAMES C. DEVER III
Chief United States District Judge

3